**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION 95-0140-WS** |
| | ) | |
| **JOHN LOUIS DAVIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the defendant's motion for grand jury transcripts and/or proceedings.  (Doc. 125).  The plaintiff's conviction and sentence were affirmed on appeal in 1999, and the denial of his motion to vacate was affirmed on appeal in 2005.  (Docs. 81, 120).  Nevertheless, the defendant states that he "is attempting to file several pleadings with the court challenging his conviction," and he desires the grand jury materials "in order to perfect his claim of innocen[c]e."  (*Id*. at 2).  In particular, the defendant asserts that, without the grand jury materials, he "will not be able to show the court in his pleadings that the other defendants or law enforcement officials may have misstated information before the grand jury in order to obtain and [sic] indictment against the defendant."  (*Id*. at 3).

"It has long been a policy of the law that grand jury proceedings be kept secret ....  The English rule of grand jury secrecy has been incorporated into our federal common law and remains an integral part of our criminal justice system."  *United States v. Aisenberg*, 358 F.3d 1327, 1346 (11th Cir. 2004) (internal quotes omitted).  The Federal Rules of Criminal Procedure codify this secrecy principle and allow for disclosure in only a few, tightly circumscribed situations.  The only one of these circumstances arguably implicated here allows for disclosure "preliminarily to or in connection with a judicial

proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).[1]

To satisfy this exception, defendants must show "(1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that their request is structured to cover only material so needed." *Aisenberg*, 358 F.3d at 1348 (internal quotes omitted). The defendant can satisfy none of these requirements.

The second element requires the defendant to "show a compelling and particularized need for disclosure," meaning that "circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *Id*. at 1348-49 (internal quotes omitted). As noted, the defendant intends to file a successive motion to vacate asserting his actual innocence. But combing the grand jury transcript for indications that witnesses presented inaccurate or even perjured testimony cannot possibly advance a claim that the defendant is actually innocent; it can only expose incriminating testimony (false or not) that the defendant must overcome to show his innocence. Even if ferreting out false testimony were important, it was the testimony at trial that convicted him, not that before the grand jury. In short, assuming that the defendant could show "certain difficulties peculiar to this case," those difficulties could not be "alleviated" by reviewing the grand jury materials. The defendant thus cannot establish the second *Aisenberg* element.

---

[1]Three of the other four exceptions are triggered only by a request from the government. The final exception is triggered by a request by an indicted defendant before he is convicted. *Id*. Rule 6(e)(3)(E)(ii) - (v).

While courts have some inherent authority independent of Rule 6(e) to order disclosure of grand jury materials, they cannot "act outside of Rule 6(e) in other than exceptional circumstances consonant with the rule's policy and spirit." *Aisenberg*, 358 F.3d at 1347 (internal quotes omitted). In particular, a court cannot skirt the strict requirements for satisfying Rule 6(e)(3)(E)(i) by resort to inherent authority. *Id*. at 1347-48, 1350.

"[N]o grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information."  *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001) (internal quotes omitted).  The defendant's motion fails to satisfy the second element for the additional reason that it is precisely such a "fishing expedition."  He seeks to review the grand jury materials to see if law enforcement officials or co-defendants presented false testimony.  However, the defendant was indicted alone and had no co-defendants, and he offers no reason for suspecting that law enforcement officials presented false testimony.

There can be no "possible injustice in another judicial proceeding" for purposes of the first *Aisenberg* element if the defendant cannot lawfully bring the other judicial proceeding.  Because the defendant has already pursued a motion to vacate, he can file another only if he first obtains permission from the Eleventh Circuit to do so.  28 U.S.C. § 2255.  The appellate court can grant such permission only if the petitioner relies on either: (1) newly discovered evidence sufficient to show by clear and convincing evidence that no reasonable jury could have convicted him had it been presented the evidence; or (2) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review.  *Id.*  The defendant invokes no new rule of constitutional law, and he does not seek to review the record of grand jury proceedings to discover new evidence that, had the jury heard, would have resulted in a different outcome at trial.[2]

The third *Aisenberg* element requires that the defendant's request be "structured to cover only material so needed."   A "blanket request for *all*" grand jury materials does not satisfy this requirement.  *United Kingdom*, 238 F.3d at 1321.  That, however, is precisely what the defendant has requested.  He thus demands disclosure of the testimony of all witnesses, even though it is only the veracity of law enforcement officials and his (non-

---

[2]Even had the defendant requested to review the grand jury materials for this purpose, he would fail the second *Aisenberg* element, because he has neither alleged that such exculpatory evidence would be found therein nor offered a basis for believing that it would be, such that his request would be simply to conduct a fishing expedition.

existent) co-defendants that he questions.

For the reasons set forth above, the defendant's motion for grand jury transcripts and/or proceedings is **denied**.  His motion for leave to proceed in forma pauperis, (Doc. 126), filed in an effort to acquire the grand jury materials for free, is **denied as moot**.

DONE and ORDERED this 17th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE